748 A.2d 1103

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v.
BRENT D. LARK, DEFENDANT–RESPONDENT.

Argued January 18, 2000—Decided March 2, 2000.

*Steven J. Kaflowitz,* Assistant Prosecutor, argued the cause for appellant (*Thomas V. Manahan,* Union County Prosecutor, attorney).

*Paul M. Klein,* Deputy Public Defender II, argued the cause for respondent (*Ivelisse Torres,* Public Defender, attorney).

*Kristen A. McKearney,* Deputy Attorney General, argued the cause for *amicus curiae,* Attorney General of New Jersey (*John J. Farmer, Jr.,* Attorney General, attorney).

The opinion of the Court was delivered by

VERNIERO, J.

The judgment of the Appellate Division is affirmed substantially for the reasons expressed in Judge Eichen's opinion below. *State v. Lark,* 319 *N.J.Super.* 618, 726 *A.2d* 294 (App.Div.1999). We agree that defendant's rights were violated and that the evidence of the drug offenses should be suppressed. We add only the following.

■ Routine or simple motor vehicle offenses will usually warrant only the issuance of a summons. As we previously explained, "police officers and law-enforcement officials should not assume that the statutory authorization to arrest for motor-vehicle violations [pursuant to *N.J.S.A.* 39:5–25] is unlimited or unreviewable. The exercise of the statutory power to make warrantless arrests for traffic offenses cannot arbitrarily and unreasonably infringe on 'the fundamental constitutional rights guaranteed to all citizens.'" *State v. Pierce,* 136 *N.J.* 184, 208, 642 *A.2d* 947 (1994)(quoting *Gundaker Cent. Motors, Inc. v. Gassert,* 23 *N.J.* 71, 79, 127 *A.2d* 566 (1956), *appeal dismissed,* 354 *U.S.* 933, 77 *S.Ct.* 1397, 1 *L.Ed.2d* 1533 (1957)). Thus, driving without a license, without more, would not constitute sufficient grounds for a custodial arrest.

■ In instances such as this, when a driver is without a license and offers false information in response to a reasonable police inquiry, there exists a sufficient basis for the police officer to detain the driver for further questioning until the officer learns

the true identity of the driver. *State v. Dickey*, 152 *N.J.* 468, 476–83, 706 *A.*2d 180 (1998) (discussing contours of permissible investigative stops). Assuming that the driver persists in concealing his or her identity and there appears to be no other reasonable alternative, the police officer may take the driver into custody. However, even in that instance, the officer generally may not search the vehicle unless one of the existing exceptions to the warrant requirement is applicable. *State v. Pierce, supra*, 136 *N.J.* at 213–15, 642 *A.*2d 947 (discussing those exceptions, including "automobile exception," in addition to circumstances justifying weapons search for officer protection and lawful boundaries of search incident to arrest).

Following a driver's valid arrest, the police may, under certain circumstances, impound the automobile and conduct an inventory search. *State v. Dickey, supra*, 152 *N.J.* at 483–84, 706 *A.*2d 180; *State v. Mangold*, 82 *N.J.* 575, 414 *A.*2d 1312 (1980). In this case, however, because the passenger produced valid credentials indicating ownership of the vehicle, the police officer had no reasonable basis to believe that the vehicle had been stolen. The passenger, who was not under suspicion, could have retained custody of the vehicle; thus, there was no basis to impound the vehicle incident to the driver's arrest.

We do not perceive the rules applied in this case as significantly burdening the legitimate function of law enforcement in policing our roadways. Even if we assume that there is some inconvenience to the police, that inconvenience "is not an objectively reasonable basis to justify 'nibbling away' at our constitutional rights." *State v. Lark, supra*, 319 *N.J.Super.* at 631, 726 *A.*2d 294. The burden, if any, would also be outweighed by the benefit to law enforcement officers in having clear guidance in this area of the law.

*For affirmance*—Chief Justice PORITZ and Justices O'HERN, GARIBALDI, STEIN, COLEMAN and VERNIERO—6.

*Opposed*—None.