**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2493-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARCUS S. FORD,

    Defendant-Appellant.

_____

Argued July 11, 2017 — Decided October 24, 2017

Before Judges Nugent and Accurso.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Indictment No. 14-09-2815.

Stephen P. Hunter, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Mr. Hunter, on the brief).

Arielle E. Katz, Deputy Attorney General, argued the cause for respondent (Christopher S. Porrino, Attorney General, attorney; Ms. Katz, of counsel and on the brief).

PER CURIAM

    Following the denial of his motion to suppress evidence seized in a warrantless search, defendant Marcus S. Ford pled

guilty to unlawful possession of a handgun, N.J.S.A. 2C:39-5b, and was sentenced in accordance with a negotiated agreement to a term of five years in State prison with a forty-two month period of parole ineligibility.  Defendant appeals from the denial of his motion to suppress the handgun found in his car.  Finding no basis to disturb the trial judge's factual findings or legal conclusions, we affirm.

At the suppression hearing, the arresting officer testified he stopped defendant for driving without lights after dark and for turning onto Mickle Boulevard from Third Street in Camden without signaling.  According to the officer, defendant was alone and talking on his cell phone as the officer approached.  The officer claimed he several times asked defendant for his license, registration and proof of insurance, but defendant ignored him and continued talking on the phone.

Defendant concluded his conversation "after approximately a minute," and the officer again asked for his credentials.  The officer testified defendant became visibly nervous and told him his license was suspended.  The officer asked defendant to step out of the car and placed him under arrest.  According to the officer, as he began to walk defendant to the patrol car, defendant "lunged back at his vehicle and said 'I'll get my

registration.'"  The officer told defendant "he was given the opportunity" to produce those documents and declined.

The officer proceeded to search for the documents himself in the "common areas" where such documents are kept.  He found the car registration in the sun visor, nothing in the center console and a locked glove compartment.  Using the key that was in the ignition, the officer opened the glove compartment where he found a silver revolver and an expired insurance card.  No license was located.  The officer impounded the car and transported defendant to the Camden County Detective Bureau for processing.  There, the officer learned defendant "had several active warrants out of Camden City for driving on a suspended license."

The officer testified on cross-examination that neither he nor his car was equipped with a microphone or camera at the time of the stop in July 2014.  He did not believe the car was stolen and did not provide defendant the opportunity to call anyone else to retrieve it.  The officer never inquired into the reasons for defendant's license suspension.

After hearing the testimony, the judge denied defendant's motion to suppress the gun.  Finding the officer's testimony credible, the judge found the stop reasonably based on the officer's observations of motor vehicle violations and the

A-2493-15T4

credential search of the locked glove compartment a lawful response to defendant's refusal to produce proof of ownership. The judge rejected defendant's three arguments that his arrest was illegal because the officer failed to ascertain the reason for defendant's license suspension, the officer was without authority to conduct a credentials check in the absence of a belief the car was stolen, and defendant offered to retrieve the registration himself. The judge also accepted the State's alternative argument that the gun would have been discovered in the normal course of impounding the car, and thus the inevitable discovery doctrine provided another reason for denying defendant's motion to suppress.

Defendant appeals, raising two issues.

POINT I

THE POLICE OFFICER'S ENTRY INTO THE GLOVE COMPARTMENT WAS ILLEGAL BECAUSE THE OFFICER DID NOT GIVE DEFENDANT A REASONABLE OPPORTUNITY TO OBTAIN THE REGISTRATION CARD HIMSELF. STATE V. KEATON, 222 N.J. 438 (2015). THESE CIRCUMSTANCES RESULTED FROM THE ILLEGAL CUSTODIAL ARREST OF DEFENDANT FOR DRIVING WITHOUT A LICENSE. STATE V. LARK, 163 N.J. 294 (2000). U.S. Const. amend. IV, XIV; N.J. Const. art. 1, ¶ 7.

POINT II

THE STATE CANNOT MEET ITS BURDEN TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT THE INEVITABLE DISCOVERY DOCTRINE APPLIES. U.S.

Const. amend. IV, XIV; <u>N.J. Const.</u> art. I, ¶ 7.

We are not persuaded by defendant's first argument.

Our standard of review on a motion to suppress is limited. <u>State v. Gamble</u>, 218 <u>N.J.</u> 412, 424-25 (2014). We defer to the trial court's factual findings on the motion, unless they were "clearly mistaken" or "so wide of the mark" that the interests of justice require appellate intervention. <u>State v. Elders</u>, 192 <u>N.J.</u> 224, 245 (2007). Our review of the trial court's application of the law to the facts, of course, is plenary. <u>State v. Hubbard</u>, 222 <u>N.J.</u> 249, 263 (2015). Applying those standards, we find no basis to disturb the trial court's factual findings or legal conclusions here.

Our Supreme Court has recently reiterated its view that a police officer may undertake a limited search of a car for evidence of ownership when the driver has been unable to produce proof of registration. See <u>State v. Keaton</u>, 222 <u>N.J.</u> 438, 448 (2015). The Court has made clear, however, that such a warrantless search "is only permissible after the driver has been provided the opportunity to produce his credentials and is either unable or unwilling to do so." <u>Id.</u> at 450.

Defendant contends the search of his glove compartment was illegal because he was arrested immediately upon advising the

officer his license was suspended, in violation of <u>State v. Lark</u>, 163 <u>N.J.</u> 294, 296 (2000), and prevented from retrieving his registration himself "even though defendant stated that he could obtain the registration card." We reject his argument.

First, we do not agree that defendant's arrest violated <u>Lark</u>. In <u>Lark</u>, the Court held that "[r]outine or simple motor vehicle offenses will usually warrant only the issuance of a summons," and "[t]hus, driving without a license, without more, would not constitute sufficient grounds for a custodial arrest." <u>Ibid.</u> Defendant, however, was not simply driving without a license, he was driving on a suspended license in an uninsured car. As we noted in <u>State v. Roberson</u>, 156 <u>N.J. Super.</u> 551, 554-55 (App. Div.), <u>certif. denied</u>, 77 <u>N.J.</u> 487 (1978), although "police should and normally do proceed by summons" in the case of most traffic violations, permitting "a suspended operator to drive away in an uninsured vehicle" would countenance serious continuing violations. In our view, defendant's admission to driving while suspended and his failure to produce proof of current insurance was "more" than merely driving without a license under <u>Lark</u>, and justified his arrest.[1]

_____

[1] We further note the officer's subsequent discovery of "several outstanding warrants" would have compelled defendant's arrest in any event. <u>See</u> Utah v. Strieff, ___ <u>U.S.</u> ___, 136 <u>S. Ct.</u> 2056, 195 <u>L. Ed.</u> 2d 400 (2016).

6                                                          A-2493-15T4

Second, defendant ignores the trial court's finding that he failed to respond to the officer's several requests for license, registration and proof of insurance before the officer placed him under arrest. As that finding is supported by what the judge deemed was the officer's credible testimony, it is binding on this appeal. See State v. Reece, 222 N.J. 154, 166 (2015). We agree with the trial judge that, under those circumstances, the officer was not obligated to permit defendant back into the car to retrieve his registration following his arrest. Cf. State v. Hamlett, 449 N.J. Super. 159, 165, 174 (App. Div.) (upholding a limited search for credentials, including a rental agreement, following the defendant's apparent inability to produce them, notwithstanding his statement that the person renting the truck "was on her way"), certif. granted, __ N.J. __ (2017).

Because we conclude the officer's search of defendant's glove compartment was lawful, we need not consider whether the inevitable discovery exception would permit admission of the gun otherwise. See State v. Robinson, 228 N.J. 529, 551-53 (2017) (explaining the doctrine). We note only that the officer's testimony that he did not provide defendant an opportunity to secure the car and have someone else retrieve it, raises at least a question as to whether the car was validly impounded

under State v. Slockbower, 79 N.J. 1 (1979), and thus whether the State carried its clear and convincing burden to establish the gun would have inevitably been discovered by lawful means. See State v. Sugar, 100 N.J. 214, 240 (1985).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION